"ORG"

FILED
2018 DEC 17 PM 2: 37

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ADRIAN AYERS, | CASE NO.: 1:18 CV 2890 |
| Plaintiff, | CIVIL ACTION COMPLAINT |
| | TITLE 42 USC SECTION 1983 |
| vs | |
| | **JURY TRIAL DEMANDED** |
| STATE OF OHIO, | |
| | JUDGE GAUGHAN |
| MICHAEL DEWINE | |
| Ohio Attorney General, | MAG. JUDGE BAUGHMAN |
| | |
| MICHAEL O'MALLEY | |
| Cuyahoga County Prosecutor, | |
| | |
| FALLON RADIGAN, | |
| Assistant Cuyahoga County Prosecutor, | |
| | |
| CLIFFORD PINKNEY, | |
| Cuyahoga County Sheriff | |
| | |
| ERIC IVEY, | |
| Warden, Cuyahoga County Corrections Center, | |
| | |
| JANE DOE, | |
| Cuyahoga County Corrections Center Mailroom Clerk, | |
| | |
| JOHN DOE, | |
| Cuyahoga County Corrections Center Mailroom Clerk, | |
| | |
| Defendants. | |

## I. Jurisdiction and Venue

1) This is a civil action bought pursuant to Title 42 USC Section 1983 to redress the deprivation under color of law of rights, privileges, and immunities guaranteed by the Constitution of the United States. This Court has jurisdiction under Title 28 USC Section 1331 and 1343(a)(3).

2) The Northern District of Ohio is an appropriate venue under Title 28 USC Section 1391(b)(2) because it is where the events giving rise to this claim(s) occurred.

## II. Plaintiff

3) Plaintiff, Adrian Ayers, is and was, at all times mentioned in this complaint, a pretrial detainee being held in custody of the Cuyahoga County Sheriff, at the Cuyahoga County Corrections Center, P.O. Box 5600, Cleveland, Ohio 44101.

## III. Defendants

4) Michael DeWine, 30 East Broad Street, Columbus, Ohio 43215-3400, is and was, at the time of this complaint, the Ohio Attorney General. He is being sued in his individual and official capacity;

5) Michael O'Malley, 1200 Ontario Street, Cleveland, Ohio 44113, is and was, at the time of this complaint, the Cuyahoga County Prosecutor. He is being sued in his individual and official capacity;

6) Fallon Radigan, 1200 Ontario Street, Cleveland, Ohio 44113, is and was, at the time of this complaint, the Assistant Cuyahoga County Prosecutor. She is being sued in her individual and official capacity;

7) Clifford Pinkney, 1215 West 3rd Street, Cleveland, Ohio 44113, is and was, at the time of this complaint, the Cuyahoga County Sheriff. He is being sued in his individual and official capacity;

8) Eric Ivey, 1215 West 3rd Street, Cleveland, Ohio 44113, is and was at the time of this complaint, the Warden of the Cuyahoga County Corrections Center. He is being sued in his individual and official capacity;

9) Jane Doe, 1215 West 3rd Street, Cleveland, Ohio 44113, is and was, at the time of this complaint, the mailroom clerk at the Cuyahoga County Corrections Center. She is being sued in her individual and official capacity;

10) John Doe, 1215 West 3rd Street, Cleveland, Ohio 44113, is and was, at the time of this complaint, the mailroom clerk at the Cuyahoga County Corrections Center. He is being sued in his individual and official capacity;

11) At all times mentioned in this complaint, each defendant conspired, while acting under color of state law, to deprive Plaintiff of his First and Fourth Amendment Constitutional right to freedom of speech, freedom of association, and freedom from illegal searches and seizures.

## IV. Facts

12) In or about September 2017, the Plaintiff, a pretrial detainee at the Cuyahoga County Corrections Center, noticed irregularities with his incoming and outgoing mail US mail.

13) In or about October 2017, Plaintiff noticed that he was receiving letters three to four weeks after the post-mark date.

14) Based on information from family and friends, some of the letters that were sent to the Plaintiff was never received by him, and vice versa. Some of which were related to Plaintiff's personal business affairs.

15) On October 9, 2017, Plaintiff sent a "Request to Staff" inquiring about the extreme delay with his incoming and outgoing mail. He did not receive a response.

16) Because there is no grievance procedure here at Cuyahoga County Corrections Center (except for medical). Plaintiff sent another "Request to Staff" inquiring about the extreme delay with his incoming and outgoing mail. He did not receive a response.

17) In or about November 2017, confused about the extreme delay, and/or not receiving his mail at all, Plaintiff approached the mailroom clerk (yet to be named), about his mail.

18) Plaintiff was informed by the mailroom clerk that all incoming mail, received from the post office, was sorted the following day and delivered the following morning.

19) The only logical explanation the mailroom clerk gave the Plaintiff for the delay of his incoming and outgoing mail, was that it was possibly being "flagged" by the Cuyahoga County Prosecutor's office.

20) When Plaintiff inquired as to the meaning of "flagged" he was told that the prosecutor's office either call or sent a request to the Sherriff and Warden to have [his] mail forwarded to their office prior to delivery.

21) When Plaintiff asked if his mail was being "flagged" the mailroom clerk would not answer.

22) When Plaintiff asked if it was legal? The mailroom clerk said something to the effect that they were "supposed" to have a court order.

23) On January 15, 2018, Plaintiff sent another "Request to Staff" concerning his incoming and outgoing mail. He did not receive a response.

24) On March 17, 2018, (the date of Plaintiff's son's birthday) Plaintiff was upset because his son had not received the birthday cards he had sent two weeks early to ensure timely delivery.

25) On March 17, 2018, Plaintiff sent a letter to Judge Nancy M. Russo, and Administrative Judge, John Russo complaining about his incoming and outgoing mail. Therein, also raising concerns that his mail was being searched and seized in violation of the United States Constitution. Plaintiff did not receive a response from either judge.

26) On March 17, 2018, Plaintiff also sent a letter to Eric Ivey and Clifford Pinkney ordering them to cease and desist surrendering his mail to the prosecutor's office without a court order. He did not receive no response.

27) In or about April 2018, Plaintiff mistakenly received a copy of a letter he had sent to his girlfriend which had been seized, by Eric Ivey and Clifford Pinkney and forwarded to Michael O'Malley and Fallon Radigan of the Cuyahoga County Prosecutor's office, in violation of his constitutional rights.

28) The letter mentioned in ¶ 28 was never received by the addressee.

29) In or about September 2018, Plaintiff received important legal mail at his residence concerning the foreclosure of his home. The mail was immediately forwarded to him at Cuyahoga County Corrections Center. Plaintiff never received the mail that was crucial to his family having a place to live or living on the streets. Plaintiff never got an opportunity to challenge the foreclosure. Plaintiff's family is currently subjected to eviction any day because of Defendant's unlawful actions.

30) As of the date of this complaint, Plaintiff's incoming and outgoing mail continues to be searched and seized in violation of Plaintiff's constitutional rights.

## V. Legal Claim

31) Plaintiff realleges and incorporate by reference paragraph 1 to 28.

32) Defendant Michael DeWine's rules, policies and practices encourages unlawful means by which his agent(s) seek-by any means necessary-to obtain evidences. He is legally responsible for the unlawful action(s) of the Cuyahoga County Prosecutor's office. He, knows that it is unlawful to seize, inter alia, "papers" of private citizens, as stated under the constitution of the United States, without probable cause. However, he has knowingly acquiesced the unlawful conduct utilized by his agent(s) throughout Ohio, in hopes of obtaining evidence(s) to bolster its cases.

33) As part of the conspiracy to deprive Plaintiff of rights guaranteed to him by the United States Constitution, Assistant Cuyahoga County Prosecutor, Fallon Radigan, with the assistance of Cuyahoga County Prosecutor, Michael O'Malley, conspired to have Plaintiff incoming and outgoing mail forwarded to their office, to be read, copied, scanned, inspected, stored, kept, etcetera, prior to it being delivered, without a warrant based on probable cause.

34) It was part of the conspiracy that, Plaintiff was not to be informed that his incoming and outgoing mail was being searched and seized illegally.

35) The sole purpose of searching and seizing Plaintiff's mail was to bolster the criminal case Michael O'Malley and Fallon Radigan has against the Plaintiff.

36) In or about July 2017, Assistant Cuyahoga County Prosecutor, Fallon Radigan, contacted Clifford Pinkney, Cuyahoga County Sheriff, requesting that Plaintiff's incoming and outgoing mail be forwarded to the Cuyahoga County Prosecutor's office prior to delivery to the addressee or addresser.

37) Clifford Pinkney, Cuyahoga County Sheriff, joined the conspiracy when he agreed to have Plaintiff's incoming and outgoing mail seized and forwarded to the Cuyahoga County Prosecutor's office without a warrant based on probable cause.

38) In furtherance of the conspiracy to deprive Plaintiff of rights guaranteed to him by the United States Constitution, Clifford Pinkney, Cuyahoga County Sheriff, contacted Kenneth Mills, Cuyahoga County Corrections Center Warden, and informed him of the request made by the Fallon Radigan of the

Cuyahoga County Prosecutor's office, to seize Plaintiff's incoming and outgoing mail and forwarded to their office.

39) Kenneth Mills, Cuyahoga County Corrections Center Warden, joined in the conspiracy when he agreed to have Plaintiff's incoming and outgoing mail seized and forwarded to the Cuyahoga County Prosecutor's office without a warrant based on probable cause.

40) In furtherance of the conspiracy to deprive Plaintiff of rights guaranteed to him by the United States Constitution, Kenneth Mills, Cuyahoga County Corrections Center Warden, ordered the Cuyahoga County Corrections Center mailroom staff to seize Plaintiff's incoming and outgoing mail and forward it to Fallon Radigan of the Cuyahoga County Prosecutor's office without a warrant based on probable cause.

41) Jane Doe and John Doe (yet to be named), joined in the conspiracy when they agreed to forward and thereafter forwarded Plaintiff's mail to Fallon Radigan of the Cuyahoga County Prosecutor's office without a warrant based on probable cause.

42) All the Defendants mentioned in this complaint, knew or should have known that Plaintiff had an expectation of privacy, in relations to his outgoing mail, based on Clifford Pinkney's, Cuyahoga County Sheriff, policy that permits pretrial detainees to seal their outgoing mail.

43) All the Defendants mentioned in this complaint has shown a deliberate indifference to Plaintiff's guaranteed constitutional rights to freedom of speech; freedom of association; and freedom from illegal searches and seizures.

44) All the Defendants mentioned in this complaint knew or should have known that searching and seizing Plaintiff's incoming and outgoing mail, served no legitimate penological purpose.

45) All the Defendants mentioned in this complaint directly participated in turning the wheel that ended up depriving the Plaintiff of his guaranteed constitutional rights to free speech; freedom of association; and freedom from illegal searches and seizures.

## VI. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully pray that this Court enter judgment as follows:

46) Granting Plaintiff a declaration that the acts and omission described herein violated his rights under the United States Constitution and laws of the United States;

47) A preliminary and permanent injunction ordering defendants to cease their unlawful searches and seizure;

48) Grant Plaintiff compensatory damages in the amount of $33,000 against Defendants Michael DeWine, Michael O'Malley, Fallon Radigan, Clifford Pinkney and Eric Ivey;

49) Compensatory damages in the amount of $ 2,750 against Jane Doe and John Doe;

50) Plaintiff seeks punitive damages in the amount of $66,000 against Defendants Michael DeWine, Michael O'Malley, Fallon Radigan, Clifford Pinkney and Eric Ivey;

51) Plaintiff seeks punitive damages against Jane Doe and John Doe in the amount of $2,750;

52) Damages against each Defendant jointly and severally;

53) Plaintiff also seeks a jury trial on all issues triable by jury;

54) Plaintiff also seeks recovery of his cost and all cost associated with this suit; and

55) Any additional relief this Court deems just, proper and equitable.

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matter alleged on information and belief, and as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

12/8/2018
Executed

Adrian Ayers #0415625
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio 44101