# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| Adrian Ayers, | ) | CASE NO. 1: 18 CV 2890 |
| --- | --- | --- |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| State of Ohio, *et al.*, | ) | |
| Defendants. | ) | |

## Background

*Pro se* plaintiff Adrian Ayers filed this *in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2018. At the time he initiated the action, he was a pre-trial detainee in the Cuyahoga County Jail. He filed his original complaint against eight defendants, asserting only one claim for relief: that the defendants were violating his constitutional rights because his incoming and outgoing mail was being seized and forwarded to the Cuyahoga County Prosecutor's Office to be censored, thereby delaying and interfering with his mail. (Doc. No. 1.)

The plaintiff thereafter filed a motion to file an amended complaint (Doc. No. 3), which is granted, and on February 22, 2019, he filed an Amended Complaint adding multiple new defendants and complaining of numerous additional conditions in the Jail. (Doc. No. 5.) Seeking damages, injunctive and declaratory relief, the plaintiff sues the following thirteen defendants: the State of Ohio, former Attorney General Michael DeWine, Cuyahoga County Administrator Armon Budish, Cuyahoga Prosecutors Michael O'Malley and Fallon Radigan, Warden Eric Ivey, Cuyahoga County Regional Director Kenneth Mills, Cuyahoga County

Sheriff Clifford Pickney, Mailroom Clerks Wanda Gordan and John Hennessee, and Corrections Sergeants Branch, Christopher, and Lewis.

In addition to alleging the same claim he alleged in his original complaint, *i.e.*, that the defendants were engaging in a conspiracy to violate his constitutional rights by censoring and delaying his mail (*see id.,* Part One of the Complaint, ¶¶ 17-50), the plaintiff complains in his Amended Complaint about a host of other Jail conditions, which he contends subjected him to cruel and unusual punishment and otherwise violated his constitutional rights. (*See id.*, Part Two of the Complaint, ¶¶ 51-123.) In these new conditions-of-confinement claims, the plaintiff complains that:

1. Inmates are subjected to an unwritten "Red Zone" lockdown policy in the Jail implemented by defendants Pinkney, Mills, and Ivey, whereby "the Plaintiff and other inmates similarly situated, are confined to their cells for as long as 27 hours without access to recreation, showers or ability to call their attorneys." (*Id*. at ¶ 55.)

2. Inmates are taken to filthy, overcrowded, and insufficiently-ventilated "court holding cells" when waiting to be called to court. The plaintiff alleges inmates are held there anywhere from an hour an a half to seven hours, and on one occasion he was held there "for up to 5 hours without water." (*Id*. at ¶ 68.)

3. There is insufficient privacy in the visiting room of the Jail where inmates are taken to meet their attorneys, and only two private visiting rooms are available. The plaintiff alleges that on one occasion he refused to meet his attorney there because his "conversation was not private." (*Id*. at ¶ 78.)

4. Inmates are offered inadequate opportunity to exercise. He alleges that since the

implementation of the Red Zone policy, he has been offered the opportunity to go to recreation only approximately two times a month. (*Id*. at ¶ 90.)

     5. He is being served an "inadequate amount of food," the Kosher meals he is being served are cold, and the trays the "food [is] served on" are foul-smelling.[1] (*Id*. at ¶ 94.)

     6. His right of access to the court was violated because he was afforded inadequate access to the legal research computer and was temporarily removed from the inmate legal research access list. (*Id*. at ¶¶ 102-113.)

     7. Other alleged "inhumane conditions" generally exist in the Jail, including insufficient lighting and heat, clogged vents, inadequate places for inmates to eat and write, and an insufficient internal grievance process. (*Id*. at ¶¶ 114-122.)

### Standard of Review

Because the plaintiff is proceeding *in forma pauperis* and is seeking redress from governmental officers and employees, the Court must screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A,[2] and dismiss before service any portion of it that the Court finds frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true unless they are clearly irrational or wholly incredible.

---

[1] In connection with this claim, the plaintiff refers to a November 2018 U.S. Marshal's report, finding that vermin infested the carts in the Jail where the food trays were stored.

[2] The plaintiff's Amended Complaint, now the operative pleading, will be referred to hereinafter as the "complaint."

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Nonetheless, the Court is not required to conjure allegations on his behalf or construct claims for him. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2014). In order to withstand a dismissal for failure to state a claim, the plaintiff's complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief against each defendant that is plausible on its face. *See Hill*, 630 F.3d at 471 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## Discussion

Upon review, the Court finds that the plaintiff's complaint must be partially dismissed pursuant to §§ 1915(e)(2)(B) and 1915A, as stated below.

The public docket of the Cuyahoga County Court of Common Pleas and public records of the Ohio Department of Rehabilitation and Correction indicate that the plaintiff is no longer a pre-trial detainee in the Cuyahoga County Jail in connection with a pending criminal case. The Cuyahoga County Court of Common Pleas docket indicates that the Plaintiff pleaded guilty to various crimes and was sentenced to imprisonment in the Lorain Correctional Institution on February 26, 2019, in *State of Ohio v. Adrian Ayers*, CR-17-617134-A (Cuy. Ct. of Com. Pls.). Accordingly, in that it appears the plaintiff is no longer incarcerated in the Cuyahoga County Jail, any claims he alleges for injunctive relief regarding conditions in the Jail are now moot. *See Lamb v. Bumpas*, 52 F. App'x 740 (6th Cir. 2002) (inmate's claim that county jail policy violated his constitutional right to receive a newspaper was rendered moot when the inmate was released from the jail).

With respect to the plaintiff's remaining damage claims, the plaintiff has sued a number of defendants who are immune from suit or cannot be sued for damages under Section 1983.

The plaintiff's complaint must be dismissed in its entirety as against the State of Ohio because the State "is insulated from litigation exposure in federal court by the Eleventh Amendment to the United States Constitution." *Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir.1997). Additionally, his complaint must be dismissed as against Cuyahoga County Prosecutors O'Malley and Radigan, who he alleges were involved in an unlawful conspiracy regarding his mail, because prosecutors are absolutely immune from liability in § 1983 damages suits in connection with "acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002), quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-72 (1993).

Further, it is well-established that § 1983 liability cannot be imposed on governmental departments or supervisory officials solely on the basis of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 691–695 (1978). A plaintiff cannot establish the individual liability of any defendant under § 1983 absent a clear showing that the individual was personally involved in the activities which form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). The allegations the plaintiff makes with respect to defendant DeWine are that his "rules, policies and practices encourage[] unlawful means by which his agent's seek to obtain evidence," and he is, therefore, "legally responsible for the unlawful action(s) of the prosecutor's office [regarding the plaintiff's mail], those of whom he failed to properly train." (Doc. No. 5 at ¶ 37.) These allegations, however, in addition to being vague and wholly conclusory, do not support a plausible inference that defendant DeWine was personally involved in the wrongful conduct he alleges regarding his mail. Instead, at the most, the

allegations indicate the plaintiff seeks to hold defendant DeWine liable on the basis of *respondeat superior*. The plaintiff's allegations are insufficient to support a plausible claim against defendant DeWine, and the action as against him is dismissed. Nor are there allegations of personal involvement by defendant Lewis. Accordingly, he is dismissed as well.

In accordance with the foregoing, the Court finds that the complaint must be dismissed as against defendants State of Ohio, DeWine, O'Malley, Radigan, and Lewis.

As to Part One of the plaintiff's complaint, regarding his mail, the Court will allow the claim to go forward only as against defendants Gordan, Hennessee, Christopher, Ivey, and Pickney, as to whom the plaintiff's allegations conceivably suggest personal involvement in the censorship of his mail. Although "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security" *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993), and may also inspect and read "an inmate's outgoing non-legal mail," *Frey v. Raisanen*, No. 2:14–cv–10192, 2014 WL 545794, at *2 (E.D. Mich. Feb.11, 2014), a heightened First Amendment concern is involved in allowing prison officials unfettered discretion to open and read a prisoner's *legal* mail, especially correspondence that impacts upon or has import for the prisoner's legal rights. *See Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003). In that the plaintiff's allegations liberally construed suggest he may be claiming undue interference with his *legal* mail, the Court will allow his claim regarding his mail to proceed past screening. The Court will determine on a more developed record whether particular pieces of the plaintiff's mail, which he claims were unlawfully censored, are in fact entitled to constitutional protection. *See Sallier*, 343 F.3d 868 (the determination of whether particular kinds of mail qualify for First Amendment protection is

a question of law to be decided by the Court).

With respect to Part Two of the plaintiff's complaint, challenging various other conditions in the Cuyahoga County Jail, the Court will allow the plaintiff's complaint to go forward as to the conditions the plaintiff alleges, except as to his claim that he has been deprived of his right of access to the court. To demonstrate a claim that he has been deprived of the constitutional right of access to the courts, a plaintiff must show that he suffered some "actual prejudice in prosecuting litigation." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003), citing *Lewis v. Casey*, 518 U.S. 343, 352–53 (1996)). He must show that he suffered prejudice to pending or contemplated litigation, *habeas corpus* applications, or a non-frivolous civil rights claim. *Id*. The plaintiff has not alleged facts plausibly suggesting he suffered such prejudice in connection with his access to the prison's legal research computer. Accordingly, the access to the courts claim alleged in Part Two of his complaint, (Doc. No. 5 at ¶¶ 102-113), fails to state a claim on which he may be granted relief and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. There being no plausible claim, the plaintiff's "Motion for Order to Reinstate Plaintiff's Full Access to Inmate Legal Research Computer and to Extend Access Forthwith" (Doc. No. 4) is denied as moot.

The plaintiff's remaining conditions-of-confinement damages claims may proceed, but only as against defendants Pickney, Mills, Ivey, Budish, and Branch, the only defendants the plaintiff's complaint identifies as involved in some way in the unconstitutional conditions he challenges.

## Conclusion

In accordance with the foregoing, the plaintiff's complaint is dismissed pursuant to 28

U.S.C. §§ 1915(e) and 1915A as against defendants State of Ohio, DeWine, O'Malley, Radigan, and Lewis.  The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from the dismissal of the action against these defendants could not be taken in good faith.

The plaintiff's action may proceed as against the remaining defendants, as set out above.

However, in that the plaintiff has not provided the Court with proper U.S. Marshal forms and summonses to accomplish service of process on these defendants by the U.S. Marshal, the Clerk's Office cannot forward this matter to the Marshal for service.  Accordingly, if the plaintiff wishes to proceed with this action, he is hereby ordered to provide completed U.S. Marshal forms and summonses sufficient to initiate service on the defendants remaining in the case within thirty (30) days of the date of this Order.  The Clerk's Office is directed to send sufficient U.S. Marshal forms and summonses to the plaintiff with this Order for this purpose.

Upon receipt of necessary U.S. Marshal forms and summonses from the plaintiff, this matter will be forwarded to the U.S. Marshal for service of process.  If the plaintiff fails to timely comply with this Order, this action may be dismissed without further notice for want of prosecution.  Further, the plaintiff is notified that the U.S. Marshal cannot serve a defendant at a post office box.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 5/21/19